## WILLIAM BULL vs. WILLIAM H. PYLE.

*Final Decree in a case of Partition—Practice in the Court of Appeals—Construction of section 22 of Article 5 of the Code— Equity Practice— When return of Commissioners to make Partition will be set aside.*

In a case of partition, a decree which absolutely confirms the report of the commissioners by which the land was partitioned and allotted by metes and bounds, with an accompanying plot, to the respective parties, complainant and defendant, is final.

Upon an appeal from a decree finally ratifying a partition made by commissioners, a previous decree directing the partition to be made, is open for review, though the appeal from such decree which was alleged to have been obtained by surprise and mistake, was not entered within the time required, after the discovery of the mistake.

The words *"all previous orders"* contained in sec. 22 of Art. 5 of the Code, are as comprehensive as the words *"all previous orders and decrees,"* employed in the Acts of 1830, ch. 185 and 1845, ch. 367—their meaning is the same— the design of the section is, as was that of these Acts from which it was codified, to open, upon an appeal from a final decree, all previous orders and decrees constituting a part of the preliminary proceedings leading to the passage of such final decree.

The petition of a defendant asking that a decree of partition may be rescinded, and that he may be permitted to come in and answer the bill of complaint, and setting forth the ground on which the application is made, should be verified by oath; and the absence of such verification is a fatal defect.

Where commissioners appointed to make partition of a tract of land, exceed their power, and proceed to divide a tract not embraced in the terms of their commission, their return will be set aside.

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*Henry W. Archer,* for the appellant.

*George Y. Maynadier,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The bill in this case was filed on the 27th of July, 1866, for the partition of "a tract of land, situated in Harford county, called '*Whitaker's Chance,*' or by whatsoever other name or names the same may be known, containing sixty-five acres, more or less," between William Bull, (the appellant,) and William H. Pyle, (the appellee,) being one of the tracts of land purchased by Pyle from the trustee, who had been appointed to make sale of the lands whereof a certain Bennett Bull died seized. On the 19th of November following, William Bull not having appeared, an interlocutory decree was passed, and a commission issued to take testimony. After the return of the testimony taken, a decree was passed on the 22nd of January, 1867, ordering "a partition of the tract or parcel of land in the proceedings mentioned, called '·Whitaker's Chance,' or by whatsoever name or names the same may be known and called, containing sixty-five acres more or less, between the parties to this suit," to each one a moiety thereof. It also directed a commission to issue, in the usual form, to five persons to make the partition. On the 27th of the same month the commission was issued, empowering and directing the commissioners to divide into two equal parts the land called "*Whitaker's Chance,*" or *by whatsoever name the same may be called,* and to allot one part to William Bull and the other part to William H. Pyle. On the 23rd of April a petition was filed by William Bull, asking that the decree of partition be revoked, and that he may be per-

mitted to come in and answer the bill of complainant. After the return of the commissioners, exceptions to it were filed by the appellant, and a large mass of testimony taken. On the 12th of March, 1869, the Court dismissed the petition, overruled the exceptions, and finally ratified and confirmed the report of the commissioners. On the 19th of the same month an appeal was taken by William Bull from this decree, and also from the decree of the 22nd of January, 1867.

A motion has been made to dismiss these appeals. The decree of the 12th of March, it is alleged, is not a final but an interlocutory decree, while the final decree was not passed until the 13th of March from which no appeal has been taken. These two decrees are substantially the same, differing, so far as the rights of the appellant are involved, only in respect that the latter sets out fully the division and allotment made by the commissioners. The decree of the 12th, confirms absolutely the report of the commissioners, by which the land is partitioned and allotted by metes and bounds, with an accompanying plot, to the respective parties, complainant and defendant. It is as final an adjudication of the rights of the appellant as is the subsequent decree of the 13th, which was wholly unnecessary, except in so far as it determines the question of costs. This being so the appeal was properly taken from the decree passed on the 12th of March.

The delay in transmitting the record to this Court is explained by the only affidavit which has been filed, that of the appellant, and this fully removes the objection made upon the ground of delay.

The decree of the 22nd of January, 1867, directing partition to be made, is not before us by virtue of the appeal taken from it on the 19th of March, 1869. It is true the appellant, at the time of taking the appeal, made an affidavit that the decree was obtained by surprise and mistake. But he has failed to enter the appeal within the

time required, that is within two months from the time of the discovery of the mistake. The petition filed by him on the 23rd of April, 1867, shows that he was fully apprised of the decree at that time, and that he then believed it had been inadvertently passed, yet his appeal is not taken until nearly two years after. We, however, think, upon the authority of *Phelps, et al. vs. Stewart,* 17 *Md.,* 241, that this decree is open for review upon the appeal from the final decree of the 12th of March, 1869. In that case, citing the previous case of *Dugan vs. Gittings,* 3 *Gill,* 153, it was held upon a construction of the Acts of 1830, ch. 185, and 1845, ch. 367, that all previous orders and decrees passed in a cause are open for review on an appeal from the final decree. That case was distinguished from the case of *Porter vs. Askew,* 11 *G. & J.,* 346, and the same distinction holds good in the present case. In *Porter vs. Askew* the decree was for the sale of land, which decree had been acted upon and was executed, and it was therefore held that it was not open upon an appeal from an order finally ratifying the auditor's report, under which the proceeds of the sale, previously confirmed, were distributed. The rights of third parties had intervened by the sale under the decree, making a case very different from that in 17 *Md.* and the one now under consideration. The language of the Code, *Art.* 5, *sec.* 22, is somewhat different from that of the Acts of 1830 and 1845. While they contain the words "all previous orders and decrees," the word "decrees" is omitted from this section of the Code. But we do not think this varies its meaning. The design of the section is undoubtedly, as was that of the Acts of 1830 and 1845, from which it is codified, to open, upon an appeal from a final decree, all previous orders and decrees constituting a part of the preliminary proceedings leading to the passage of such final decree. We shall give, therefore, to this section of the Code, the same construction that has been given to those Acts in the cases above cited.

The Court below very properly dismissed the petition filed in April, 1867, which prayed that the decree of the 22nd of January, might be rescinded, and the defendant allowed to answer the bill. This petition is fatally defective in not being verified by oath as required under our rules of practice, and could not therefore be entertained. *Alex. Chan. Prac.,* 178.

The view which we take of this case renders it unnecessary and useless to express an opinion upon many of the questions raised, as they will become unimportant in the further proceedings which may be taken. The vital question in this case is, whether the commissioners have acted in accordance with the power and directions contained in the commission issued to them under the decree of partition. By referring to the commission it will be seen that they are directed and empowered to divide a tract of land called " *Whitaker's Chance,*" *or by whatsoever name or names the same may be known.* In this the commission follows the words of the decree, and as it contains no reference to any other tract of land, or any description by which to designate other land, it confines by its very terms the acts of the commissioners, whose only powers are derived from it, to the land mentioned in it. The bill speaks of the land as a tract of land called " Whitaker's Chance," of which Bennett Bull died seized. That there is such a tract of land is abundantly shown by the proof in the case, yet the commissioners have entered upon and divided another and wholly different piece of land, entirely omitting the land named in their commission and of which Bennett Bull did die seized. The land which they divide and partition is known as the " *Land of Promise,*" lying south of and adjoining " *Whitaker's Chance.*" They have thus not only exceeded the power given under the commission, but have utterly failed to do that, which the commission in express terms authorized and directed them to do. Why this was done they do not explain in their return;

nor do they give any name or other description to designate the exact tract they proceeded to locate and divide. They state that no title papers were exhibited to them and upon inquiry they could learn of none. Upon this, they further say, they proceeded to have the land surveyed "according to the showings of the complainant and defendant, who fully agreed as to the metes and bounds." From this statement unexplained it would be inferred, especially as no name of the land is given in their return, that they were dividing the land mentioned in the commission, and that its identity was assented to by the appellant. But the testimony, taken upon the exceptions to their return, shows that it was not the same tract, and that the appellant, although he did point out the boundaries of the land surveyed, at the same time claimed it as his own and repudiated any idea of a common ownership with the appellee. This testimony is not in conflict with their return, but explains an ambiguity so latent, that without it the return would not have been properly understood. With this explanation it becomes clear, that the commissioners have acted outside of their power and authority, and have proceeded to divide a tract of land not embraced in the terms of their commission. Their return will therefore be set aside, and the decree ratifying it reversed.

So far as the decree of January, 1867, is concerned, by which partition between the parties is ordered, we cannot say that it is clearly incorrect. It was passed upon some testimony taken after the interlocutory decree; but this testimony is very general, and does not add anything to designate with certainty the land upon which the decree is intended to be effective. It does however appear from the testimony afterwards taken, that the appellant is not without some foundation for his separate claim to the land which it was attempted to divide under the commission in this case. Without expressing any opinion upon the

merits of his claim, we think he should have an opportunity of properly presenting it, so that the case may be cleared of the ambiguities and uncertainties in which it is now involved. As we cannot pronounce the decree directing partition incorrect, and do not think the substantial merits of the case could be determined if it was now affirmed, we will remand the case under *Art.* 5, *sec.* 28, *of the Code*, without reversing or affirming the decree, in order that such further proceedings may be had as will present the case upon its merits.

> *Decree dismissing petition affirmed.*
> *Decree confirming Commissioners'*
> *return reversed, and case remanded,*
> *without reversing or affirming decree*
> *directing partition.*

(Decided 12th February, 1875.)