Rouskulp *vs.* Kershner and Wife, *et al.*

---

SAMUEL J. ROUSKULP *vs.* BENJAMIN F. KERSHNER, and Wife, and AMELIA C. HINKS and JOHN F. BATZLER.

*Plea as a mode of defence in Equity—Practice in Equity—Proceedings against purchaser at Trustee's Sale to account for purchase money and for review of title—What facts constitute a good plea to such a proceeding—Where Usury is charged in Bill of Complaint a Plea denying the charge must be accompanied by an Answer.*

When a plea is resorted to as a mode of defence in the Equity, the principles of the English Court of Chancery apply to it, and it must be dealt with and proceeded on according to settled rule and practice.

If the plea be allowed, nothing remains in issue between the parties, so far as the plea extends, but the truth of the matter pleaded. But the judgment of the Court upon the legal sufficiency of the plea is not definitive; for the truth of the plea may be denied by the complainant by replication, and the parties are then put to their proof.

No order of the Court in merely passing upon the legal sufficiency of the plea should preclude the plaintiff the right thus to controvert the truth of the facts alleged by the plea.

A purchaser at a trustee's sale, made under the authority of the Court, where the sale is made *bona fide*, duly reported to the Court and ratified, and the purchaser has paid the purchase money and received a conveyance from the-

trustee, cannot be called into a separate collateral proceeding either to account for the purchase money or to have the proceedings under which he obtained his title reviewed. And such facts constitute a good plea to a bill seeking to make him a party to such a proceeding.

When a bill of complaint charges usury, this charge must not only be met by denial in the plea, if a plea is resorted to, but the plea must also be accompanied by an answer supporting the denial of the charge, fully meeting and negativing it.

APPEAL from the Circuit Court of Baltimore City.

Samuel J. Rouskulp held two mortgages upon the fee simple property of Benjamin F. Kershner, of Baltimore City. To accommodate Kershner, Rouskulp agreed to allow a mortgage for $8000 to be executed upon the same property and to take precedence of his mortgages. Papers were executed purporting to be proper papers for the accomplishment of this object, though it afterwards appeared that Kershner had first procured the release of said mortgages held by Rouskulp, afterwards obtaining a loan of $6000, from Amelia C. Hinks, of Baltimore City, by first conveying said property to her in fee and receiving from her a renewable lease thereof at a ground rent of $480 per annum, which capitalized is equivalent to $8000, and then also obtained a loan of $2000 from a certain David Carroll, securing the same by a mortgage of said leasehold, and afterwards executing to Rouskulp two mortgages for $1000 each, to secure his indebtedness of $2000 to said Rouskulp.

The property was afterwards sold under the Carroll mortgage to a certain John F. Batzler, and the sale duly reported to the Court. Exceptions were filed to the sale and sustained by the Court, and from the order of the Court sustaining the exceptions and setting aside the sale, an appeal was taken. During the pendency of the appeal, Rouskulp filed his bill of complaint 15th May, 1877, wherein he prayed that the decree for the sale of said prop-

erty under the Carroll mortgage might be annulled, and the contract of loan between Hinks and Kershner reformed and relieved of its usurious aspect, and that the trustee appointed to make sale of the property decreed to be sold under the Carroll mortgage be restrained from further proceedings under said decree until the rights of all parties interested be adjusted and for general relief. To the bill of complaint the appellees, Hinks and Batzler, filed pleas, but before the pleas were filed the appeal in the case of *Carroll vs. Kershner* was heard and the order of the Court sustaining the exceptions to the sale of the property under the Carroll mortgage and setting aside the sale was reversed and remanded June 20th, 1877. The plea of the appellee Hinks recited the release of the mortgages held by Rouskulp, the creation of the $480 ground rent by the renewable lease to Kershner, the creation of the mortgages afterwards placed upon said leasehold by Kershner, in favor of Carroll and Rouskulp, the default of Kershner under the Carroll mortgage, and the sale of the property under the said Carroll mortgage by decree of the Court.

The plea of the appellee, Batzler, recited the facts above set out in the plea of the appellee Hinks, and also further recited that the sale of the property to him under the Carroll mortgage had been finally ratified and confirmed by the Court by an order passed 2nd July, 1877, that the purchase money had been paid by the appellee to the trustee, the property conveyed to the appellee and the conveyance duly recorded, and that the appellee had no notice of the pendency of this suit until after the purchase money was paid as aforesaid. To the said pleas of the appellees the appellant demurred, but the pleas were by the Court held good and the bill of complaint dismissed with costs.

From the decree of the Court below overruling the demurrers to the pleas, sustaining the pleas and dismissing the bill of complaint, this appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J., for the appellees Hinks and Batzler, and submitted for the appellant.

*John B. Kenly* and *B. C. Barroll,* for the appellant.

*Thomas J. Morris,* for Hinks and Batzler.

The decree dismissing the bill was properly passed at the hearing, for when the demurrer was overruled, and the plea allowed, the appellant did not ask leave to withdraw his demurrer or offer to reply, and in such cases the order allowing the plea should also direct the dismissal of the bill. *Daniel's Chancery Practice, Vol. I,* 698, (*4th Am. Ed.*)

The defendant Batzler has pleaded two pleas: 1st. The same plea as filed by his co-defendant, Mrs. Hinks, viz., that the complainant had no title or interest in the property at the time of filing his bill. 2nd. That he, Batzler, was an innocent purchaser for value, without notice of the complainant's claims, and paid the purchase money, and obtained a deed for the property and entered into possession, without notice.

To these pleas the complainant demurs, upon the ground that they are bad in substance, and also objects to them because they are bad in form, and violate the rules of certainty and singleness.

Now, although Batzler had purchased at the trustee's sale on 5th December, 1876, and the bill was filed 15th May, 1877, Batzler was not made a party until the amendment of 15th October, 1877, and had no notice until that date, so that as to him the bill had a double aspect, and he had, therefore, a right to plead his two defences, viz., (1,) that at the time of filing the bill the complainant had no title; and (2,) that after the filing of the bill, and before the amendment making him a party, he had innocently paid his purchase money, without notice.

A defendant may plead two different pleas in equity, as for instance, that the plaintiff is not heir, as asserted in his bill, and a plea of the Statute of Limitations. *Alexander's Chan. Practice,* 59 ; *Barroll Chan. Practice,* 115 ; *Moreton vs. Harrison,* 1 *Bland,* 491.

The defendant Batzler had a right to act upon the conveyances on record affecting the title to the property, and as the mortgages to ·the appellant, upon.which alone he must rely, both expressly recite that the mortgaged property was subject to the ground rent to Mrs. Hinks, and to the mortgage to Carroll, the defendant Batzler had a right to rely and act upon the statements contained in those mortgages. *Henderson vs. Mayhew,* 2 *Gill,* 409.

The decree below was passed upon a hearing of the demurrer to the substance of the pleas, and not upon any objection made to their form ; but whether or not the two pleas of Batzler are properly pleaded in form is not material, if the plea of Mrs. Hinks is held to be good ; for obviously, if the complainant is not entitled to relief against Mrs. Hinks, he cannot be against Batzler.

And it is further contended on behalf of the defendant, Batzler, that even if the complainant, at the time of filing his bill, notwithstanding he did not offer to redeem Carroll's mortgage, and made no tender of the amount he conceded to be due Mrs. Hinks, had any equitable standing for relief, he has lost it by his laches and his subsequent conduct of the case. For having in his bill prayed that the trustee, Ridgely, should be restrained from executing the decree in the foreclosure case, and that the decree might be annulled, he never proceeded to obtain any injunction against the trustee, and did not make Batzler a party, but allowed the trustee to proceed unmolested to collect the purchase money, and convey the property to the purchaser, and distribute the proceeds, and then consented that his bill should be dismissed as to the said trustee and Carroll, the very persons who got the purchase

money.  How could the decree be now annulled?  What possible form of relief could now be granted without gross disregard of the rights of the purchaser, and without overruling that public policy which this Court has declared requires that sales made by a Court of equity, through its trustee, should be upheld?

ALVEY, J., delivered the opinion of the Court.

The only questions in this case arise upon the pleas interposed by Mrs. Hinks, and by John F. Batzler, to the bill of the appellant.

Instead of setting the pleas down for argument, according to established practice, the appellant demurred to them ; and, upon allowance of the pleas as a good defence, the bill was dismissed absolutely.

A plea is not a frequent mode of defence in our equity practice; but when it is resorted to, it has been held that the principles of the English Court of Chancery apply to it, and that it should be dealt with and proceeded on according to settled rule and practice.  7 *H. & J.*, 197, 198.

A plea in equity is defined to be a special answer to the bill, differing in this from an answer in the common form, that it demands the judgment of the Court, in the first instance, whether the special matter set up by it does not preclude the plaintiff from his right to the answer or the relief prayed by the bill.  If the plea be allowed, nothing remains in issue between the parties, so far as the plea extends, but the truth of the matter pleaded.  The Court, in the first instance, declares that if the matter of the plea be true the plaintiff is thereby debarred of the benefit of so much of his suit as the plea may extend to ; and, for the purpose of this determination, the bill, so far as it is not contradicted by the plea, is taken as true.  But this judgment, upon the sufficiency of the defence, is not definitive ; for the truth of the plea may be denied by the plain-

tiff by replication, and the parties may then proceed to examine witnesses the one to prove and the other to disprove the facts stated in the plea. *Chase vs. McDonald & Ridgely*, 7 *H. & J.*, 160, 198 ; *Mitf. Eq. Pl.*, 15.

The proceeding upon plea filed is very analogous to the proceeding upon demurrer to the bill. If the plaintiff supposes the plea to be defective either in form or substance, he may take the judgment of the Court upon its sufficiency. This he does by setting the plea down for argument, instead of replying to it; for if he pursues the latter course he thereby admits the legal sufficiency of the plea as a complete bar, if the facts be established. *Daniels vs. Taggart's Adm'r*, 1 *Gill & J.*, 311 ; *Hughes vs. Blake*, 6 *Wheat.*, 453. Upon argument of the plea it may either be allowed simply, or the benefit of it may be saved to the hearing, or it may be ordered to stand for an answer ; or it may be overruled. If, therefore, as the authorities say, a plea is allowed upon argument, or if the plaintiff without argument thinks it, although good in form and substance, not true in point of fact, he may take issue upon it, and proceed to disprove the facts upon which it is endeavored to be supported; and no order of the Court in merely passing upon the legal sufficiency of the plea should preclude the plaintiff the right thus to controvert the truth of the facts alleged. *Sto. Eq. Pl.*, sec. 697 ; *Mitf. Pl.*, 353, 354.

Treating, then, the demurrer to the pleas as equivalent to setting the pleas down for argument, the questions are, do the pleas constitute a legal defence to the bill for the parties pleading them ?

1. And first, as to the plea by Batzler. This party was the purchaser of the property at the sale made by the trustee, acting under a decree passed on the mortgage to Carroll, under the local Code for Baltimore City. He had no connection whatever with any of the transactions between the appellant and Kershner, of which complaint is made in the bill. It is not pretended that the sale made to him

was not in good faith, or that he was not a *bona fide* bidder at the sale. That sale was duly reported, and has been finally ratified; and, according to the averments of the plea, the purchase money has been fully paid, and a deed made by the trustee. Under such circumstances, there is no principle upon which the purchaser can be called into a separate collateral proceeding like the present either to account for the purchase money or to have the proceedings under which he obtained his title reviewed. As purchaser under the mortgage decree, he dealt with the Court through its trustee; and he was liable to be coerced, by summary proceeding, into a compliance with the terms of sale. The Court had unquestionable jurisdiction both to decree the sale and to ratify it upon the report of the trustee; and the proceeds of sale are for distribution in that case alone. To sanction such a principle as that sought to be enforced in this case, would lead to the most dangerous consequences to purchasers; and there is no authority produced for its support. On the contrary, all authority is against it *Jackson vs. Henry*, 10 *John.*, 185. We can have no hesitation, therefore, in declaring that the plea interposed by Batzler, the purchaser, should be allowed.

2. But the defence set up by the plea interposed by Mrs. Hinks stands upon very different grounds. It is charged in the bill that the making of the deed to Mrs. Hinks by Kershner and wife, and the lease by Mrs. Hinks to Kershner, reserving a ground rent of $480, was but a mode and contrivance for taking usury on money loaned by Mrs. Hinks to Kershner. If this allegation be true, and the transaction operates to the prejudice of the appellant, by lessening the real value of Kershner's interest in the premises subsequently mortgaged to the appellant, then he has a right to question that transaction, and to show the existence of usury, and the extent of it. *Trumbo vs. Blizzard*, 6 *Gill & J.*, 18, 23; *Lloyd vs. Scott*, 4 *Peters' Rep.*, 205. The allegation of the bill, as to usury, is not denied by the plea; nor is there any answer in support of

the plea, whereby this charge in the bill is responded to or explained ; and, as we have seen, in considering the validity of the plea, all allegations in the bill, not denied or controverted by the plea, are admitted to be true. Taking then this allegation of the bill to be true, the transaction, though assuming the form of a sale and lease of the premises, subject to redemption, would be obnoxious to the usury law of the State; for it is well settled, that no shift or device will enable a party to take more than legal interest upon a loan ; and therefore the question in all such cases is, what is the real substance of the transaction? and not what color or form it has assumed? Upon the assumption of the truth of the allegation in the bill, the case would fall immediately within the authority of the cases of *Tyson vs. Rickard*, 3 *H. & J.*, 109 ; *Marsh vs. Martindale*, 3 *Bos. & Pul.*, 154, 158, and *Lloyd vs. Scott*, 4 *Pet.*, 205. The plea, in order to be valid; should have contained a denial of the usury charged in the bill ; and not only that, but there should have been an answer in support of the plea, wherein the charge of usury should have been fully met and negatived. For it is a settled principle in equity pleading, that where there is any charge in the bill, which constitutes an equitable ground or circumstance in favor of the plaintiff's case against the matter pleaded, as fraud, notice, or usury ; that charge must be denied by way of answer, as well as by averment in the plea. *Mitf. Eq. Pl.*, 350 ; *Roche vs. Morgell*, 2 *Sch. & Lefr.*, 721, 727 ; *Bayley vs. Adams*, 6 *Ves.*, 594 ; *Harris vs. Harris*, 3 *Hare,* 450 ; *Daniels vs. Taggart's Adm'r*, 1 *Gill & J.*, 311.

It follows, therefore, that the plea pleaded by Mrs. Hinks must be overruled ; but she is entitled to an opportunity to answer the bill, if she desires to do so.

*Decree reversed, and*
*cause remanded.*

(Decided 23rd July, 1878.)