# JOHN W. AND H. GALE TURPIN *vs.* JAMES C. DERICKSON ET AL.

*Who May Appeal—Appeal from Decree Pro Confesso—Affidavit to Plea in Equity—Filing of Demurrer and Plea by Party in Default—Purchaser at Trustee's Sale not Entitled to File Original Bill to Correct Title.*

One who has made a deed of trust of all his property for the benefit of creditors, which provides that the surplus shall be paid or reconveyed to him, has a right to appeal from a decree made in a cause against him and his trustee and others by which it was adjudged that certain land was his property.

When a bill in equity is taken *pro confesso* against a defendant he may appeal from the final decree in the cause passed after the taking of testimony; and if he filed a demurrer and plea to the bill, he is entitled to have the action of the Court on the demurrer and plea reviewed as well as the final decree.

A plea to a bill in equity must be verified by an affidavit that it is true in point of fact, as is required by Code, Art. 16, sec. 149.

After exceptions to an answer have been sustained and the defendant, who was in default, is granted leave to answer further, he cannot then, without first obtaining leave of the Court, file a demurrer and plea.

A purchaser at a trustee's sale which has not been ratified is not authorized to file an original bill for the purpose of correcting defects in the title of the property sold and to obtain a ratification of the sale made to him by the trustee in the other case.

A mortgagee who has assigned his interest in the mortgage has no right to file a bill against the mortgagor and other parties to correct the title to the property mortgaged.

The fact that the purchaser of land at a trustee's sale is in possession and has expended money in making improvements does not authorize him to file an original bill to cure defects in the title, when the sale has not been ratified.

*Decided April 2nd, 1907.*

Appeal from the Circuit Court for Wicomico County (LLOYD, J.)

The decree appealed against was as follows:

This cause standing ready for hearing and being submitted, the counsel for the parties were heard, and the proceedings read and considered.   And it clearly appearing to the Court that John W. Turpin had represented himself as sole owner of the property described in the bill of complaint, at the time that he applied to James C. Derickson for $1,500.00 to be secured by a mortgage of the said real estate, and that Alonzo L. Miles, conventional trustee of the said John W. Turpin sold all the interest of the said John W. Turpin in and to the same.   And it further appearing to the Court that H. Gale Turpin by his letter to the said Alonzo L. Miles claimed no interest in the said property, at the time and immediately after the sale of the said property by the said trustee, and suffered a decree *pro confesso* against himself.

And it further appearing to the Court that the said Alonzo L. Miles, conventional trustee of the said John W. Turpin, successor in privity to the rights and title of the said John W. Turpin, admits the allegations of the bill of complaint.

And it further appearing to the Court that E. Stanley Toadvin, trustee in No. 906 Chancery, inadvertently and by mistake reported John W. Turpin and H. Gale Turpin as co-purchasers of the said Ben Truitt farm, when John W. Turpin should have been reported the sole and only purchaser, as he was clearly the sole and only purchaser.

And it is thereupon this eleventh day of October, in the year A. D. 1906, by the Circuit Court for Wicomico County, Maryland, adjudged, ordered and decreed, that the report of sale made by E. Stanley Toadvin, trustee in the case of *Truitt v. Taylor*, being No. 906 Chancery in this Court, filed on the 12th day of July, 1894, be corrected and the same is hereby corrected by striking out the name of H. Gale Turpin as one of the purchasers of the said "Ben Truitt Farm," so that the same shall read and report John W. Turpin as the sole and only purchaser thereof.

And it is further adjudged and ordered and decreed that the report of Alonzo L. Miles, trustee of John W. Turpin, being

No. 1311 Chancery in this Court be and the same shall be finally ratified and confirmed.

And it is further adjudged, ordered and decreed, that all the costs incurred in this cause be paid by Alonzo L. Miles, trustee, out of the funds in hand from the proceeds of the estate.

The cause was argued before Briscoe, Boyd, Pearce, Schmucker, Burke and Rogers, JJ.

*S. R. Douglas* and *Robert P. Graham*, for the appellants.

*F. Leonard Wailes* (with whom was *James E. Ellegood* on the brief), for the appellees.

Boyd, J., delivered the opinion of the Court.

In 1894 E. Stanley Toadvin, trustee, reported to the Circuit Court for Wicomico County the sale of a farm in that county to John W. Turpin and *H. Gale Turpin*, which was duly ratified by the Court.   On September 20th, 1895, he made a deed to John W. Turpin for said farm, in which he recited that the sale had been made *to him* and that the purchase-money had been fully paid.   On August 28th, 1900, Mr. Turpin made a deed of trust to Alonzo L. Miles by which he conveyed all his property for the benefit of his creditors.   Mr. Miles sold part of that farm to Messrs. L. E. and J. D. Williams and the rest to Messrs. W. K. Leatherbury and D. J. Elliott.   John W. Turpin gave a mortgage on the farm to Jas. C. Derickson for $1,500, the proceeds of which were used in part payment of the purchase-money paid Mr. Toadvin.   This bill was filed by Mr. Derickson and the four purchasers above named against the two Turpins, E. S. Toadvin, trustee, and Alonzo L. Miles, trustee, in which they prayed.   (1) That the order of ratification of the sale made by Toadvin to the Turpins be set aside and reformed so that John W. Turpin be shown to be the sole purchaser.   (2) That the sales of Alonzo L. Miles, trustee, to the four purchasers be ratified and confirmed.   (3) That he be ordered to convey the lands to them free, clear and discharged of any claim of the Turpins; and (4), for gen-

eral relief. John W. Turpin and H. Gale Turpin filed separate answers to the bill. Exceptions were filed and sustained to each of the answers, but leave was granted to them to file sufficient answers by January 19th, 1905. John W. Turpin filed another answer and H. Gale Turpin filed a demurrer to the whole bill, excepting as to a part of the fifth paragraph to which he filed a plea, and a plea to the whole bill, in which he alleged that the case was *res adjudicata.* The plaintiffs filed objections to the demurrer and pleas of H. Gale Turpin being allowed and a general replication to the answer of John W. Turpin. The Court afterwards passed an interlocutory decree against H. Gale Turpin and granted the plaintiffs leave to take testimony. The trustees each answered and testimony was taken. The docket entries show that exceptions of John W. and H. Gale Turpin were filed to the testimony, but they are not in the record. The Court passed a decree in accordance with the first and second prayers of the bill and from that decree John W. and H. Gale Turpin appealed.

The appellees have made a motion to dismiss the appeal. It is contended that John W. Turpin, has no right of appeal because; (a) His trustee, Mr. Miles, is in privity with him, holding his title and admitted in his answer the allegations of the bill, and proved their truth, as a witness, and; (b) Because the decree does not injure him but enlarges his estate; therefore if there was any error it was not harmful but beneficial to him. If John W. Turpin was injuriously affected by the decree the reasons first mentioned (a) would not necessarily proclude him from appealing. The deed of trust not only recites that he claims to be able to pay his debts in full, but cannot without a sale of part of his property, but it expressly provides that, after payment of all the debts, claims and demands against him, the trustee shall pay the surplus over to him and reconvey the property which may remain. John W. may therefore be interested in several ways. In the first place it is not shown by the record that it was necessary to sell all of the farm, if it be decided that he owns the whole of it. His answer alleges that Gale has paid and satisfied the debt due to James

C. Derickson who assigned his mortgage to him. If that be true, he will be subjected to unnecessary costs and expensee by a sale of the whole farm, if Gale does not require it, yet this decree not only provides for the reformation of the report of sale, by Toadvin to John W., but it ratifies and confirms the sales made by Miles. But independent of that, the bill specifically charges John W. with fraud and made him a party defendant. He filed an answer denying most of the material allegations of the bill and now when the decree is against his contention, and in favor of the plaintiff's, it does not come with very good grace from the plaintiff's to insist that his appeal should be dismissed, because the decree benefited and did not injure him, although the bill shows him to be adverse to the contention of the plaintiffs. The motion as to him must be overruled.

The ground for the motion to dismiss the appeal of H. Gale is that there was a decree *pro confesso* against him, and hence it is contended he cannot appeal. As both sides seem to treat the interlocutory decree passed in this case as a decree *pro confesso* against Gale, we will not now stop to determine whether it is technically such. It simply decreed "that the plaintiff is entitled to relief in the premises as to the said H. Gale Turpin," and gave the plaintiffs leave to take testimony to sustain the allegations of the bill; but whether or not that should be regarded as taking the bill as confessed, we are of the opinion that the motion must be overruled as to Gale. There seems to have been some apparent conflict between the early decisions in this State. In *Ringgold's case*, 1 Bland 12, the Chancellor, in discussing the right of appeal, said "nor can any appeal be made generally available from a decree by default; * * or, as it would seem, from a decree taking the bill *pro confesso*." See also page 19 of that volume where the Chancellor further considered the question where, however, he added; "But this is a matter which yet remains to be carefully considered and finally determined by the proper tribunal." In *Chesapeake Bank* v. *McClellan* 1 Md. Ch. 329 it was held that "An appeal will lie from every decision which

settles a question of right between the parties, no, matter whether the decision was adverse, or by consent, or default," although in *Gable v. Williams*, 59 Md. 46, it was held that an appeal would not lie from a decree *by consent.* In *Lippy* v. *Masonheimer* 9 Md. 310 it was held that "A defendant, in an equity case, has the right of appeal, notwithstanding he failed to appear, and an interlocutory decree was passed against him under the Act of 1820, Ch. 161, in pursuance of which the cause was conducted to a final decree." It will be observed that the decree in that case was similar to the one now before us, as was the one in the case there relied on by the Court (*Oliver* v. *Palmer* 11 G. & J. 136). Sec. 143 of Art. 16 of Code which embraces some of the provisions of the Act of 1820, Chap. 161, in effect places a defendant in default in the same position as to his right to answer, whether there be merely an interlocutory decree, with authority to proceed *ex parte*, or a decree *pro confesso* against him, and Sec. 140, which provides for cases where there is default in not appearing or not answering is also liberal in its treatment of defendants, even after an order that the bill be taken *pro confesso*, and the practice requiring plaintiffs to support the allegations of the bill or petition by proof is very generally followed by the Courts of this State.

The subject is thus referred to in 5 *Ency. of Pl. and Pr.*, 1001; "In most jurisdictions a defendant against whom a final decree *pro confesso* has been rendered may review the same by appeal or error. The legality of the proceedings prior to the order taking the bill as confessed is then open to inspection in the appellate tribunal, and the decree and bill may be examined to ascertain if the decree is warranted by the case made by the bill. But the decree cannot be attacked on appeal for the want of testimony or the sufficiency of the evidence." See also *Phelps' Jur. Eq.*, sec. 57. Under our practice when a bill is, taken *pro confesso*, and the Court requires testimony, the final decree must be sanctioned by the evidence and not be based upon the allegations of the bill alone. *Miller's Eq. Proc.*, 343; *Purviance* v. *Barton*, 2 G. & J. 311;

*Oliver* v. *Palmer*, 11 G. & J. 436. In this case as Gale Turpin did appear, demur and plead he would be entitled to have the action of the Court on the demurrer and pleas reviewed, as well as the decree, under the principles above stated. We will therefore overrule the motion to dismiss his appeal.

The demurrer and pleas filed by him cannot avail him for several reasons. The pleas could not properly have been allowed because there was no affidavit that they were "true in point of fact," as required by sec. 149 of Art. 16, *Wagoner* v. *Wagoner*, 76 Md. 311. If the second plea had been valid the demurrer would have been overruled as both were to the whole bill, *Miller's Eq. Pro.*, 173; *Frederick Co.* v. *Frederick City*, 88 Md. 662, but as it was invalid it could not have had that effect, if the Court below had stricken it out for want of a proper affidavit. The record does not show that the Court took any action on the motion of plaintiffs not to allow the demurrer and pleas, but it seems to have proceeded on the theory that the defendant had no right to file them. While the better practice would have been to have passed some order specifically disposing of them, the Court was not required to allow them, under the circumstances. Gale was in default and upon his petition the Court granted him leave "to appear *and answer* the allegations" of the bill by September 1st, 1904. He filed an answer within that time, which was excepted to, and the exceptions being sustained he was granted leave "to file a good and sufficient *reason*," the record states but doubtless the order said or meant "answer," but instead of filing an answer he filed the demurrer and pleas, without obtaining any further leave of the Court. As he had answered and exceptions to the answer were sustained, the plaintiffs had the right to require him to answer further and he could not, without leave of Court, then file a demurrer and pleas. If a party in default desires to make his defense by way of demurrer or plea he ought to obtain leave of the Court to do so, and when, notwithstanding his default, he asks and is granted leave to answer, then files an insufficient answer which is excepted to and leave is given to answer further, he cannot then file a de-

murrer or plea without obtaining leave of the Court. Our statutes granting indulgence to defendants in default were not intended to furnish them with the means of harassing and unnecessarily delaying plaintiffs, although when the Court sees that it is proper to permit pleas or demurrers to be filed, even after default, it can and ought to do so.

John W. Turpin not being in default, was entitled to notice of the taking of the depositions, but we find nothing in the record to show that he did not receive notice and, as we have already said, there are no exceptions to the evidence in the record. The examiner's return states "due notice thereof having been given," etc. Nor is there any evidence of a former adjudication of the questions involved—indeed the plea of *res adjudicata* filed by Gale was stricken out, and the pleadings that are in do not present that question. We will not therefore further refer to those matters, which were relied on by the appellants.

We have no hesitancy in holding that the purchasers at the sales made by Mr. Miles can have no standing in this proceeding, to obtain the relief sought. We know of no authority or practice that would justify such a proceeding by purchasers at trustee's sale. They have no such interest in the properties before the sales are ratified as would give them such right to apply to a Court of equity to correct the title to the property sold them by the trustee, as is sought to be done by this bill, and it would be a novel proceeding under our practice to permit purchasers to file an original bill to obtain the ratification of a sale made and reported in another case. But if Mr. Derickson was still a creditor he could, under the circumstances set out in the bill, apply for such relief as is sought and could make the purchasers parties. They might have been made defendants, but Gale being in default cannot now take advantage of any error in reference to that, 5 *Ency. Pl. & Pr.*, 986; *Luckett* v. *White*, 10 G. & J. 480, and John W. has not raised the question in such way as to give him the benefit of it.

The real difficulty in the way of the plaintiffs is the fact

that, although the answer of John W. Turpin distinctly sets up the defense that James C. Derickson no longer had any interest in the mortgage, there is no evidence in the case to show that he had and the copy of the mortgage in the record distinctly shows that he assigned the mortgage to H. Gale Turpin on August 16th, 1904—a few weeks after the bill was filed and over two years before the decree was passed. It is not very clear as to how that certified copy of the mortgage got in the record, but it is the only one there, and the report of the examiner shows that the plaintiffs offered in evidence "land records in Wicomico County, Liber J. T. T. No. 14, folio 504 and 505, containing the deed from E. Stanley Toadvin, trustee to John W. Turpin and mortgage from John W. Turpin to James C. Derickson both dated the 20th day of September, 1905, to be read and used as evidence in said cause." Certified copies of those instruments are in the record and they correspond with the descriptions given by the examiner, as to dates and places of record. As the land records of Wicomico County could not be filed, we take for granted that these copies were filed in their place, although the proper practice was to file the copies with the examiner, inasmuch as they had not been filed with the bill, or to make some arrangement on the subject if all the parties were represented. We thus have proof by the plaintiffs themselves that over two years before this decree was passed—sometime before any testimony was taken—the only one of the plaintiffs who could possibly have any standing in Court to obtain the relief prayed for had assigned the mortgage by which he claimed to be interested to the defendant against whom the proceeding was mainly directed. In short, he was no longer a creditor and had no interest of any kind in this property, so far as disclosed by the record. Upon what principle such a decree could be passed at the instance of Derickson against H. Gale Turpin, after the former had assigned to the latter the mortgage, which was the sole foundation upon which he based his claim for relief, we confess our inability to understand. The facts alleged in the bill did present a strong equity in favor of Derickson

and if proven would undoubtedly have entitled him to relief, but when he received his money and assigned the mortgage to Gale what right did he have to take from Gale any interest he had acquired in the property through the ratification of the report of sale made by Toadvin? It is not shown or even alleged that there are any other creditors of John W. who were such when he made the deed of trust, but if there are they are not parties to this bill and Derickson does not represent them. From what we have said it will be seen that the other plaintiffs had no right to obtain such a decree. How they got possession of the property or why they had expended large sums of money in improving it, as alleged in the bill, before the sale was ratified is not explained, but it is clear that they neither had the right to possession nor were under any obligation to improve the property until the sales were confirmed; and hence neither of those facts could give them ground for the relief sought by this bill.

It follows that the decree must be reversed, and as neither of the plaintiffs are entitled to the relief prayed, the bill must be dismissed.

> *Decree reversed and bill dismissed, the*
> *appellees to pay the costs.*