## DAVID PEOPLES *vs.* DAVID V. AULT.

*Equity*: *right of appeal; final orders or decrees; order over-ruling plea to part only of bill.*

The right of appeal from courts of equity is a statutory right, and does not exist unless expressly given.                    p. 635

There is no immediate right of appeal from an order of a court of equity overruling a plea to a part of a bill, and such an order may only be revised on appeal from a final decree, under section 28 of Article 5 of the Code.                    p. 637

Where an immediate appeal was taken from an order of a court of equity overruling a plea to part only of a bill, the appeal was dismissed, although the motion to dismiss had not been filed within the time prescribed by Rule 46 of the Court of Appeals.                    p. 637

*Decided March 26th, 1912.*

Appeal from the Circuit Court of Baltimore City (HEUIS-LER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*James McEvoy, Jr.,* (with whom was *William H. Hud-gins* on the brief), for the appellant.

*J. Kemp Bartlett* (with whom were *Edgar Allan Poe, L. B. Keene Claggett* and *R. Howard Bland* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appellee filed a bill of complaint in the Circuit Court of Baltimore City, alleging that in 1904 the appellant, who was engaged in the general contracting business in Philadelphia, employed the appellee as general superintendent of construction work, and agreed to pay him for such services a salary of one hundred dollars per month, his traveling and other expenses and ten per cent. of the net profits from work superintended by him, which contract was subsequently modified to the extent of making the monthly salary one hundred and fifty dollars instead of one hundred dollars; that the first work superintended by the appellee under said contract with the appellant was the construction of the Porter Street sewer in Philadelphia, and that about the time that work was completed he was placed in charge of the building of a sewer in Oradell, New Jersey, and after its completion he took charge of the construction of a sewer in Reading, Pennsylvania, and that when the Reading sewer was completed he was sent to Baltimore to superintend the construction there of "Storm Water Sewer, Nos. 2 and 3, and Sanitary Outfall Sewer No. 6," that the appellee faithfully performed the duties required of him, remaining in the employ of the appellant until all of said sewers were completed, and that during that time the appellant paid him the monthly salary and his traveling and other expenses according to said contract, and also paid him sixteen thousand dollars, which the appellant represented to be the appellee's share of the profit realized from the construction of the sewer in Reading, Pennsylvania, but that the appellant has never paid the appellee any part of the profits derived from the construction of any of the other abovementioned sewers; that the net profit received by the appellant from the construction of the Reading sewer exceeded the sum of one hundred and sixty thousand dollars, and that the net profit derived from the construction of that part of the Philadelphia sewer that was built under the

supervision of the appellee, was at least sixteen thousand dollars; that the net profit realized by the appellant under the contract for the Oradell sewer was at least a hundred and twenty-five dollars, and that the appellant realized from the construction of the Baltimore City sewers at least fifteen thousand dollars. The bill then alleges that the appellant has received final settlement for the work under the said several contracts, and that notwithstanding he has repeatedly promised the appellant to render him an account, showing the net profit realized from said work, and to pay him his share thereof, he has failed to do so, and that the books and accounts of the appellant showing the profits realized by him "upon each of the aforesaid sewer contracts," were kept by the appellant or his bookkeeper, and that the appellee has "no access" to them.

The prayer of the bill is that the appellant be required to "discover, account and set forth to" the appellee "the entire amount of his receipts and disbursements received and made in connection with the performance of said contracts, showing the exact amounts of profits made by the "appellant from each, and that he be required to pay to the appellee ten per cent. of the net profits realized from the construction of said sewers, less the sum of sixteen thousand dollars heretofore paid.

The appellant interposed a plea to a part and filed an answer to the remainder of the bill. The plea is as follows:

"The defendant, David Peoples, for plea to so much of the bill as seeks to enforce an accounting for the defendant of the profits derived by him from the construction of certain sewers in the City of Philadelphia, Oradell and Reading, says that the complainant's cause of action, if any he has, accrued more than three years before said bill was filed."

The plea was set down for a hearing, and this appeal is from an order of the Court below overruling the plea, with leave to the defendant to file an "amended or supplemental answer" within ten days from the date of the order.

We are, therefore, met, at the very threshold of the case, by the narrow and important question whether there is an immediate right of appeal from an order overruling a plea to a *part* of a bill, and its determination in accordance with our view, will obviate the necessity of considering any other feature of the case.

It was said by JUDGE ALVEY in *Rouskulp* v. *Kershner,* 49 Md. 522: "The proceeding upon a plea filed is very analogous to the proceeding upon demurrer to the bill. If the plaintiff supposes the plea to be defective either in form or substance, he may take the judgment of the Court upon its sufficiency. This he does by setting the plea down for argument, instead of replying to it; for if he pursues the latter course he thereby admits the legal sufficiency of the plea as a complete bar, if the facts be established. *Danels* v. *Taggart,* 1 G. & J. 311; *Hughes* v. *Balke,* 6 Wheat. 453. Upon argument of the plea it may either be allowed simply, or the benefit of it may be saved to the hearing, or it may be ordered to stand for an answer; or it may be overruled. If, therefore, as the authorities say, a plea is allowed upon argument, or if the plaintiff without argument thinks it, although good in form or substance, not true in point of fact, he may take issue upon it, and proceed to disprove the facts upon which it is endeavored to be supported, and no order of the Court in merely passing upon the legal sufficiency of the plea should preclude the plaintiff the right thus to controvert the truth of the facts alleged. *Story's Eq. Pl.,* sec. 697; *Mitf. Eq. Pl.* 353, 354." See also *Alex. Ch. P.* 59, 60, and *Miller's Eq. Proc.,* secs. 144-147. Section 153 of Article 16 of the Code (Equity Rule 22), provides: "If, upon the hearing, any demurrer or plea is overruled, unless the Court or judge thereof hearing the same be satisfied that it was intended for vexation and delay, the defendant shall be required to answer the bill, or so much thereof as may be covered by the plea or demurrer, at such time as, consistently with justice and the right of the defendant, the same can be

reasonably done," etc., and this Court held in *Danels* v. *Taggart*, 1 G. & J. 311, that an appeal did not lie from an order overruling a plea to a bill of complaint, JUDGE DORSEY stating: "It decides a mere question of pleading: it settles no right between the parties. 'If the plea is overruled, the defendant may insist on the same matter by way of answer.' *Mitf. Plead.* 248." That case is cited with approval by CHIEF JUDGE BUCHANAN in *Robert, et al.,* v. *Salisbury, et al.,* 3 G. & J. 432. and the same view is adopted in *Miller's Eq. Proc.,* sec. 147. But the statement that after a plea is overruled the same defense may be made in an answer, is vigorously and forcibly controverted in the case of *Murray* v. *Coster,* 4 Cowen, 167, where the authorities upon which the statement is supposed to rest are reviewed, and where the Court held that if the plea is overruled on its merits, and not for mere formal defects, the same defense cannot be again made in an answer.

However, the question with which we are here directly concerned is not one of pleading, but goes to the defendant's right to maintain this appeal. It has been repeatedly stated by this Court that the right of appeal from courts of equity is a statutory right, and does not exist unless expressly given. *Dillon* v. *Ins. Co.,* 44 Md. 386, and cases cited in the dissenting opinions of JUDGE ALVEY in *Chappell* v. *Funk,* 57 Md. 465. Section 26 of Article 5 of the Code of 1904 provides that "An appeal shall be allowed from any final decree, or order in the nature of a final decree, passed by a court of equity"; section 27 allows appeals in certain other specified cases, and section 28 provides that "On appeal from a final decree or order, all previous orders which may have been passed in the cause shall be open for revision in the Court of Appeals, unless an appeal under the preceding section shall have been previously taken from such order." While there have been numerous appeals from orders overruling demurrers to bills of complaint, the right of appeal from such an order was first discussed by this Court in the case of *Chappell*

v. *Funk, supra,* and it was there held, JUDGE MILLER writing
the opinion of the Court, that an appeal will lie where the
demurrer is to the *entire* bill. That case was followed by the
case of *Hecht v. Colquhoun,* 57 Md. 563, where JUDGE MIL-
LER says: "We have recently decided in *Chappell* v. *Funk,* p.
465, that an appeal will lie from such an order where the
demurrer goes to the entire bill," and the same statement is
adhered to in *Hyattsville* v. *Smith,* 105 Md. 318, and *Darcey*
v. *Bayne,* 105 Md. 365. But we have been unable to find in
this State any decision to the effect that an appeal will be
allowed from an order overruling a demurrer to a *part* of a
bill. We have held that an order in the nature of a final
decree, from which an appeal lies under section 26 of Article
5 of the Code, can not, under section 28, be reviewed on
appeal from a subsequent final decree, "but only on appeal
directly therefrom" (*Tome* v. *Stump,* 89 Md. 264; *Hopper*
v. *Smyser,* 90 Md. 363; *Gardiner* v. *Baltimore City,* 96 Md.
361), and that under section 28, all orders, including those
mentioned in section 27, from which no appeals have been
previously taken, are subject to revision on appeal from a
final decree. *Wylie* v. *Johnston,* 29 Md. 298; *Bull* v. *Pyle,*
41 Md. 419; *Meakin* v. *Duvall,* 43 Md. 372; *Davis* v. *Gem-
mell,* 73 Md. 552; *Keifer's Heirs* v. *Reichert,* 93 Md. 97;
*Slingluff* v. *Hubner,* 101 Md. 652; *Seabrook* v. *Grimes,* 107
Md. 410; *Emory* v. *Faith,* 113 Md. 253. In view of these
decisions, we think the question we are considering was
practically determined in the case of *Turpin* v. *Derickson,*
105 Md. 620. In that case, H. Gale Turpin, one of the
defendants, appeared and filed a demurrer to a part of the
bill, a plea to another part, and also a plea to the whole bill,
which were objected to by the plaintiff. On appeal from the
final decree in the case, a motion was made to dismiss the
appeal of H. Gale Turpin on the ground that there was a
decree *pro confesso* against him and hence he could not
appeal. In overruling the motion, JUDGE BOYD, after stating
that it was held in *Lippy* v. *Masonheimer,* 9 Md. 310, that

"A defendant, in an equity case, has the right of appeal, notwithstanding he failed to appear, and an interlocutory decree was passed against him under the Act of 1820, Chapter 161, in pursuance of which the cause was conducted to a final decree," said in conclusion: "In this case, as Gale Turpin did appear, demur and plead, he would be entitled to have the action of the Court on the demurrer and pleas revived, as well as the decree, under the principles above stated." The Court then proceeded to review the action of the lower Court on the pleas and demurrer, which, under its previous decisions that an order in the nature of a final order can not be reviewed on appeal from a final decree, it could not have done except upon authority of section 28 of Article 5 of the Code, which, on appeal from a final decree, authorizes the revision of all orders except those in the nature of final decrees, etc.

We must therefore hold in this case that there is not an immediate right of appeal from an order of a court of equity overruling a plea to a part of a bill, and that such an order can only be revised on appeal from a final decree, under section 28 of Article 5 of the Code. A different conclusion would not be in harmony with the manifest design of our statutes, which were intended to regulate and restrict the right of appeal, with the view of preventing unnecessary delays and costs. As was said in the case of *Waverly Mut. Build. Asso.* v. *Buck*, 64 Md. 338: "If, for alleged errors in any interlocutory proceeding, a case could be brought here for revision, a multiplicity of appeals would create vexatious delay, and might eventually result in a ruinous accumulation of costs. To avoid this manifest evil, an appeal on final determination of the questions presented by the issue, brings every supposed erroneous ruling in the immediate proceedings under review, when all such errors as are discovered can be corrected."

For the reasons stated, the appeal in this case must be dismissed, notwithstanding the motion to dismiss was not filed within the time prescribed by Rule 46 of this Court.

*Appeal dismissed, with costs.*