## SUSQUEHANNA TRANSMISSION COMPANY *vs.* ALLEN H. ST. CLAIR.

*Co-Tenancy—One Tenant in Common Not Authorized to Construct on Land Telephone or Electric Transmission Line Without Compensation.*

One tenant in common of land has no right to change the purpose for which the land had been used, or to commit waste thereon, or to appropriate a part thereof to his exclusive use.

Plaintiff company and the defendant were tenants in common of land which had been used for farming purposes. Plaintiff designed to construct through it an overhead line for the transmission of electricity, consisting of cables supported on steel towers, and in connection therewith plaintiff began the

erection of a telephone line through the land. The plaintiff's bill alleged that the defendant, objecting to such use of the land, had threatened to cut down the poles, etc., and asked for an injunction against his interference with either the telephone or the transmission line. *Held,* that since the erection of the towers for the transmission line and of poles of the telephone line would interfere with defendant's use of the land, and dispossess him of it, and would divert the common property from its former use, the plaintiff is not entitled to either of the injunctions asked for.

*Held,* further, that the circumstance that the plaintiff company is a public service corporation does not enlarge its right as a co-owner, and that the plaintiff can only acquire the interest of the defendant in the land by a condemnation under the power of eminent domain or by becoming the purchaser of the land under a bill for partition or sale.

*Decided per curiam June 23rd, 1910. The following opinion was filed October 14th. 1910.*

Cross-appeals from the Circuit Court for Harford County (VAN BIBBER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Francis T. Homer* and *Fred. R. Williams* (with whom were *George R. Willis* and *Stevenson A. Williams* on the brief), for the Susquehanna Transmission Co.

*Harry S. Carver.* for Allen H. St. Clair.

BRISCOE, J., delivered the opinion of the Court.

These are cross-appeals from the Circuit Court for Harford County, in equity, under Article 5, section 31 of the Code of Public General Laws, and by an agreement the two appeals were heard at the conclusion of the April Term of this Court. On the 23rd of June, 1910, a *per curiam* order

was passed announcing our conclusion in the case, to the effect that so much of the order as granted the injunction to prevent interference on the part of the defendant with the construction of the telephone line proposed by the complain- ant must be reversed, and that part of the order denying the injunction to restrain the defendant from interfering with the erection of the towers for the complainant's transmission lines would be affirmed. The reason for the conclusion here- tofore reached by us will now be stated.

It appears that the plaintiff and defendant are tenants in common of a strip of land containing 3 46/100 acres, one hundred feet wide, and about fifteen hundred and fifty-two feet long, situate in Harford County, Maryland; the former owning four-fifths interest therein and the latter owning the remaining one-fifth interest.

The plaintiff is a corporation formed on the 19th day of April, 1910, by the merger and consolidation of the Susquehanna Pole Line Company of Baltimore County and the Susquehanna Pole Line Company of Harford Coun- ty, and is known as the Susquehanna Transmission Com- pany, of Maryland. On the 14th day of May, 1910, the date of the filing of the bill of complaint in this case, this cor- poration was engaged in the construction of a transmission line of electrical energy, consisting of towers, cables, poles, wires, etc., for the purpose of carrying electric power or energy from McCall's Ferry, on the Susquehanna River in York County, Penn., through York, Baltimore and Harford Counties, to Baltimore City.

The bill alleges that the plaintiff proposed to construct a transmission line from McCall's Ferry in Pennsylvania to the City of Baltimore upon and over the strip of land, con- taining 3.46 acres and that it will be an overhead line, con- sisting of cables supported on steel towers resting on con- crete or stone bases, at intervals of five hundred feet or more, the interval depending on the topography or lines of contour or elevation of the contiguous strips. The bill further

charges that in its capacity and function as a public service corporation, it has become necessary for the plaintiff as a preliminary step in the construction of its transmission line 'to build a telephone line upon and along this strip of land, and that the plaintiff is about to dig holes therein, and is about to plant in the holes telephone poles, and may cut down several trees on the strip which are neither ornamental nor shade trees, but has not yet dug holes nor planted poles as aforesaid, nor cut down any trees thereon.

The bill also avers that the land has for many years and is now used for farming purposes, particularly for pasture and grazing, and ˙that neither the construction and equipment of a transmission line through the farm, nor the construction of the preliminary telephone line has in reality interfered or will interfere with the farming operations of the defendant, either upon his farm or upon the strip of land.

The bill then charges and avers that the defendant has forbidden the plaintiff to enter upon the strip of land for the purposes herein set out, and is interfering with, hindering and impeding in the performance of its duties to the public in the application of its ownership of its four-fifths interest in the strip to the public utility and public service charged thereon, and to which its title thereto is subject, and the defendant has threatened to cut down, dismantle, destroy and waste the property of plaintiff, if said lines be constructed upon the strip, and that such threats and· acts of interference and hinderance and waste by the defendant, if continued or executed, will wantonly interfere with the plaintiff's rights and prevent the performance of its public duties and in effect will maliciously waste and destroy the rights of the plaintiff and of the public in the strip, whereof the plaintiff is a trustee, and will not only maliciously waste and destroy the physical property of the plaintiff thereon, but also thereby cause a forfeiture of the plaintiff's charter, and therefore the plaintiff has an equity to call for the interposition and aid of a Court of Equity by way of an injunction, mandatory and

prohibitive, to protect it in its estate, and the public in their rights from threats or acts of the defendant.

The prayer of the bill was for a sale of the land for the purposes of division and for an injunction, mandatory and prohibitive, against the defendant.

The application for an injunction was resisted by the defendant and from an order of Court, passed on the 9th day of June, 1910, granting an injunction to prevent interference on the part of the defendant with the construction of the telephone line, but denying the application to restrain the defendant from objecting to and interfering with the erection of the permanent structures, to wit, towers for its transmission line, these appeals have been taken.

The law is well settled, that tenants in common are jointly seized of the entire estate and each has an equal right of entry and possession; the possession of one is the possession of all and ouster will not be presumed from exclusive possession by one co-tenant, but actual ouster must be proved. *Van Bibber's Lessee* v. *Frazier,* 17 Md. 436; *Israel* v. *Israel.* 30 Md. 123.

In *A. & E. E. of Law,* 2nd Ed., Vol. 17, page 670, the law is thus stated, as supported by authority, that one co-tenant cannot eject or dispossess another whose possession is lawful and not inconsistent with his own; nor can one tenant recover the exclusive possession of the property as against his co-tenant. The great incident of all co-tenancies whether joint or in common is the unity of possession by which the tenants hold. Each is entitled equally with all the others, to the entire possession of the whole property and of any part of it and no one has the exclusive right to the whole or to any particular part, and no one will be permitted to deal with the property to the prejudice in any way of his co-tenants.

The proof in this case shows that both the construction of the telephone lines as proposed and the erection of the towers, etc., for the transmission line, as stated in the plaintiff's bill. will interfere with the defendant in the use and enjoyment

of the strip of land, and will in effect dispossess him of property in which they have a joint interest. In other words, the plaintiff under the facts of this case is attempting to use joint and common property for its benefit to the exclusion of its co-tenant, without compensation and over the objection and protest of the co-tenant.

Then, again, there is proof to show that the property had always been used for farming purposes such as growing crops thereon and also for pasture, and the contemplated use by the defendant corporation would be a diversion of the property from its former use, and would be an exclusive use for its purpose, and an interference with its use and enjoyment by the co-tenant. The bill charges that the land has for many years and is now being used for farming purposes, particularly for pasture and grazing, and the proof tends to show that the contemplated use would not only divert its former use, but would be a dedication thereof to public use.

And in addition to these, there is proof to show that the appellant corporation was committing waste by cutting and trimming trees, and doing other acts destructive and injurious to the rights of the defendant. This being so, the defendant in this case would clearly be entitled to an injunction to restrain a continuing and permanent injury to the common property, and an interference with the use and enjoyment of the property by the co-tenant.

One tenant in common has no right to alter or change the property to the injury of the other without his assent. *A. & E. Enc. of Law,* Vol. 17, pages 669 and 705, 2nd ed; *Russell* v. *Merchants Bank,* 47 Minn. 286; *Woods* v. *Early,* 95 Va. 307.

The fact that the appellant is a public service corporation, can in no way change or modify the principles of law, applicable to the facts of this case. The *Code of Public General Laws,* Article 23, section 360, provides how and in what manner, corporations can acquire property for public use. Section 365 of Article 23, specially provides that, "Nothing

herein contained shall authorize any incorporated company to take or use property without just compensation, as agreed upon with the owner, or awarded by a jury, having been first paid or tendered to the parties entitled thereto, or paid into a Court, after inquisition confirmed, as provided for in the preceding section."

But apart from this, the bill of complaint in this case seeks a sale of the property for the purposes of partition between the co-tenants and this sale is not resisted by the defendant. The property can then be offered at public sale and the appellant will have an opportunity to purchase the interest of the co-tenant, at such sale and become the owner of the entire strip of land.

Being of opinion, for the reasons stated, that there was error in the order of Court, directing an injunction to be issued against the defendant as to the telephone poles and lines, the order in this respect was reversed. Insofar as the erection of the towers and transmission lines were concerned, the order of Court, denying the injunction, to restrain the defendant from interfering therewith, for the reasons herein stated, was affirmed.

> *Decree reversed in part and affirmed in part, the Susquehanna Transmission Company of Maryland, to pay the costs on both appeals.*