# EDWIN M. WILMER et. al.

## *vs.*

# SUSAN E. PLACIDE.

*Appeals in equity: demurrers and pleas.*

The office of a demurrer is to demand judgment of the court as to the sufficiency of the case stated in the bill.　　　p. 170

A plea relies upon its averment of a distinct fact which is supposed to present, if proven, an effectual bar to the prosecution of the suit.　　　　　　　　　pp. 170-171

Where the demurrer to a bill in equity is sustained, the suit is dismissed, if the bill can not be aided by amendment. · p. 171

Where a plea is held good, the issue of fact it raises is still open for trial and decision.　　　　　　　　p. 171

The overruling of a demurrer determines that the case made out by the bill requires a defense, while similar action as to a plea decides the invalidity of the particular defense actually interposed.　　　　　　　　　p. 171

An order sustaining or overruling a demurrer to an entire bill is appealable because it decides the vital question as to the plaintiff's right to proceed with the case which the bill presents.　　　　　　　　　pp. 170, 171

Whether a plea is sustained or disallowed, the plaintiff is left at liberty to press his suit; if sustained the plaintiff may join issue as to the truth of the facts alleged; if the plea is overruled the case proceeds to answer, issue and trial in the usual course.　　　　　　　　　pp. 171-172

The ruling on a plea settles no rights conclusively, and the question of fact involved remains open for determination by a

final decree; on appeal from such decree all the interlocutory rulings are reviewable. p. 172

The considerations which support the right of appeal from an order overruling a demurrer to the bill of complaint as a whole are not applicable to an order overruling a plea to a bill, from which order no appeal should be entertained. p. 172

*Decided March 2nd, 1916.*

Appeal from Circuit Court No. 2 of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*David Ash,* for the appellants.

*Charles F. Stein* and *John L. Sanford,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee filed a bill of complaint for the purpose of having a deed from one of the appellants to the other decreed to be fraudulent and void as against the grantor's subsisting creditors. In connection with an answer denying the fraud certain pleas to the bill were filed which alleged, in substance, that the efficacy of the deed in passing title from the grantor to the grantee was recognized in a motion to dismiss made by the present appellee on an appeal to this Court in another proceeding between the parties, and that in a partition suit instituted by the appellee, and involving the land affected by the deed here in question, contradictory positions were assumed by the plaintiff in reference to the effect of the deed and the interests of the present defendants in the property. The pleas were set down for hearing and, after argument,

the Court below ordered that they be stricken out as legally insufficient and that the answer filed in support of the pleas should stand as an adequate response to the bill.   The present appeal is from that order.   A motion has been made to dismiss the appeal on the ground that the order from which it has been taken is not appealable.

In the comparatively recent case of *Peoples* v. *Ault*, 117 Md. 631, it was held that an appeal from an order overruling a plea to part of a bill of complaint could not be entertained, and in a very early case the same view was taken as to the appealability of an order overruling a plea to the bill as a whole; *Danels* v. *Taggart*, 1 G. & J. 311.   It has been held, however, in a number of later cases that when a demurrer to the entire bill is overruled, an appeal will be allowed from such action; *Stinson* v. *Ellicott City & C. Co.*, 109 Md. 115; *Darcey* v. *Bayne*, 105 Md. 365; *Hyattsville* v. *Smith*, 105 Md. 318; *Peoples* v. *Ault, supra; Hendrickson* v. *Standard Oil Co.*, 126 Md. 583; *Hecht* v. *Colquhoun*, 57 Md. 563; *Chappell* v. *Funk*, 57 Md. 465.   The argument is that there is no difference in principle between a plea and a *demurrer,* so far as the effect upon the right to maintain the suit is concerned, and that in holding an order overruling a demurrer to the bill as a whole to be appealable, the decisions just noted must be regarded as having established a similar rule in reference to orders overruling *pleas* whose scope is equally unrestricted.

If demurrers and pleas in equity were in reality the same in their general and practical effect, there could, of course, be no valid reason for discriminating between them in reference to the question as to whether rulings upon them are subject to appellate review in advance of the final decree, but a comparison of these separate methods of challenging the plaintiff's right to the relief sought by the bill of complaint will disclose substantial differences in their nature and functions.   The office of a demurrer is simply to demand the judgment of the Court as to the sufficiency of the case stated in the bill.   A plea relies upon its averment of a distinct

fact, which is supposed to present, if proven, an effectual bar to the prosecution of the suit; *Rouskulp* v. *Kershner,* 49 Md. 521; *Miller's Equity,* 181. If the demurrer is sustained, and the case can not be aided by amendment, the bill is dismissed. But when the plea is held good, the issue of fact it raises is still open for trial and decision. The overruling of a demurrer determines that the case made out by the bill requires a defense, while similar action as to a plea decides the invalidity of a particular defense actually interposed.

The appealability of a ruling upon a demurrer or plea to the bill depends upon the inquiry whether it is an "order in the nature of a final decree" within the meaning of the statute relating to appeals in equity (Code, Art. 5, sec. 26), or, in other words, whether it "finally settles some disputed right or interest of the parties"; *Hendrickson* v. *Standard Oil Co.; Chappell* v. *Funk, supra.* In the application of this test an order sustaining or overruling a demurrer to the entire bill has been held to be appealable because it decides the vital question as to the plaintiff's right to proceed with the case which the bill presents. The same decisive effect upon the maintenance of the bill as filed is not attributable to a ruling by which the question as to the sufficiency of a *plea* is determined. Whether the plea is held to be good or is disallowed, the plaintiff is left at liberty to press his suit. If the theory of the plea is sustained in principle, the plaintiff may join issue as to the truth of its allegation of fact. If it is overruled, the case proceeds to answer, issue and trial in the usual course of procedure. In either event no disputed right or interest of the parties is conclusively settled, but the question of fact involved remains open for determination by a final decree, on appeal from which the interlocutory rulings in the case may be reviewed; Code, Art. 5, sec. 28. The considerations which support the right of appeal from an order overruling a demurrer to the bill of complaint as a whole are not, in our judgment, applicable to the very different situation produced by an order overruling a *plea* to the bill, and we find no occasion to disturb

or qualify the previous decision of this Court that such an order is not a proper subject of a preliminary appeal.

The contention has been made that the action of the Court below was irregular in directing that the denial of the fraud alleged in the bill, by which the defendants supported their plea, as required by Code, Art. 16, sec. 157, should stand for an answer. It is said that the passage of such an order, without an opportunity for amendment being provided, had the effect of restricting the answer to a mere traverse of the bill and of preventing the introduction of any affirmative defenses. The record does not show, and it was not suggested in the argument, that any application was made for leave to file an amended or supplemental answer, and the objection now urged would have to be held premature, even if such a question could be entertained at all on appeal in view of the rule that the allowance or refusal of such an amendment is within the discretion of the trial Court. *Frisby* v. *Parkhurst,* 29 Md. 58; *Calvert* v. *Carter,* 18 Md. 74; *Miller's Equity,* 239.

While it will be necessary to dismiss the appeal, we think it proper to express our opinion that the pleas contained in the record present no elements of estoppel, or other grounds of defense, which, if established by proof, would constitute a bar to the further prosecution of the suit, and, therefore, if the appeal could be entertained, our conclusion would be that the order should be affirmed.

*Appeal dismissed.*