## ADOLPH V. DIEDEL

*vs.*

## CHARLES DIEDEL ET AL.

*Equity: ancillary orders; disposed of if demurrer to bill sustained. Appeals: final orders only; supplemental answers; discretion of court.*

An order sustaining a demurrer to a bill, with leave to file an amended bill, is not in the nature of a final order, and is not appealable.      p. 288

The action of a court in refusing to allow or to accept an amended or supplemental bill is within the discretion of the trial court, and is not reviewable on appeal.      p. 288

Temporary restraining orders issued *ex parte* on the original bill are merely ancillary to it, and are disposed of if a demurrer to the bill is sustained.      p. 288

*Decided November 14th, 1918.*

Appeal from Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*David Ash,* for the appellant.

*Benjamin Rosenheim* and *Randolph Barton, Jr.,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from two orders of the Circuit Court, No. 2 of Baltimore City, passed in the present case, one dated the 11th day of March, 1918, and the other dated the 2nd day of April, 1918.

The first order appealed from, sustained the defendant's demurrer to the plaintiff's bill, with leave to the plaintiff to file an amended bill within ten days, upon the ground, that the plaintiff had not alleged in the bill such facts as entitled the plaintiff to relief in equity against the defendants.

It appears from the Record, that subsequent to the first order, under the leave granted by the Court, the plaintiff on the 21st day of March, 1918, filed in the cause, what is alleged to be an amended and supplemental bill of complaint.

On the 26th of March, 1918, the defendants filed exceptions to the purported amended and supplemental bill, and also a motion, that it be not received and that it be stricken from the files of the Court, upon the ground, first, that the alleged bill was not in fact an amended and supplemental bill, but was in the nature of an original bill, and, second, that the matters and facts therein alleged in so far as they are new matters not set out in the original bill are not matters of such nature as can be presented by an amended or supplemental bill, but require the filing of an original bill in order to secure for the plaintiff any relief which upon the allegations of the bill, he might be entitled to.

The Court below upon hearing, after argument by counsel for plaintiff and defendants, being of the opinion, that the motions should be granted, on the 2nd of April, 1918, passed the order heretofore referred to, refusing to receive the amended and supplemental bill, and directing it to be stricken from the files of the Court. And this is the second order here appealed from.

It is quite clear from an examination of the Record, that the motion to dismiss this appeal or appeals, must prevail,

because neither of these orders are appealable, and this appeal cannot be entertained.

It is well settled by numerous cases in this Court, that an order sustaining a demurrer to a bill, with leave to file an amended bill, is not in the nature of a final order and the right of appeal does not exist. *Cunningham* v. *Board of School Commissioners,* 93 Md. 738; *Bannon* v. *Comegys,* 69 Md. 411; *Kernan* v. *Carter,* 104 Atl. 530.

In this case the plaintiff did not elect to stand on his bill, and accept an order dismissing the bill, but he availed himself of the leave granted to amend within the time and filed an amended bill, which was not accepted by the Court.

The law is also well established, that the action of the Court in refusing to allow or to accept an amended or supplemental bill, is within the sound discretion of the Court and is not reviewable on appeal to this Court. *Calvert* v. *Carter,* 18 Md. 73; *Snook* v. *Munday,* 96 Md. 515; *Thompson* v. *Thomas & Thompson Co.,* 104 Atl. 49; *Kernan* v. *Carter,* 104 Atl. 530; *Miller's Equity,* sec. 315, page 386.

As to that part of the order, of the 2nd of April, 1918, which rescinded certain temporary restraining orders, which had been secured *ex parte* by the plaintiff on the original bill, we need only say, that the action of the Court, as to these orders, was merely formal and cannot avail the plaintiff on this appeal.

The orders were merely ancillary to the original bill, and were practically disposed of, in sustaining the demurrer to the bill. The plaintiff abandoned the action of the Court upon the demurrer to the bill, and elected to stand on the leave to amend and sought thereby to file an amended and supplemental bill. The order sustaining the demurrer was in effect a refusal to continue the restraining orders, and they were necessarily disposed of by this order. *Spear* v. *Orendorf,* 26 Md. 37; *Wagoner* v. *Wagoner,* 77 Md. 193; *Miller's Equity,* secs. 573 and 611.

For the reasons stated, the appeal will be dismissed as to both orders appealed from.

*Appeal dismissed, with costs to the appellees.*