## JOSEPH T. KEARNEY *v.* BEVERLY HILLS CORPORATION.

[No. 31, January Term, 1929.]

*Decided March 21st, 1929.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, PARKE and SLOAN, JJ.

*F. H. Hennighausen,* with whom were *Hennighausen & Stein* on the brief, for the appellant.

*James Morfit Mullen,* with whom was *Alfred J. O'Ferrall* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order sustaining the demurrer to the original bill of complaint filed, and from an order refusing leave to file an amended bill offered by plaintiff.

The original bill alleges that the defendant is a body corporate of the State of Maryland; that plaintiff is the holder of ten shares of the common stock of said corporation; that Lawrence Schoenlein, Jr., is in complete control of said corporation, either holding in his own name or in the name of relatives all the balance of the stock issued, except that held by plaintiff; that plaintiff has been informed that the said corporation is about to dispose of its remaining assets, and thereafter is to be dissolved, and that, although plaintiff has made demand upon said Schoenlein, the president of said corporation, plaintiff has been deprived of the right to participate in the proceeds of said corporation, and he has been advised by the president that he will not be permitted to share in the assets of the corporation upon the dissolution thereof; that the said Schoenlein is in complete control of all the assets, papers, and documents of the corporation, and that plaintiff has no remedy save in a court of equity to prevent the said Schoenlein from disposing of the corporate assets and depriving plaintiff of his share of the proceeds; that plaintiff has never received any dividends or payment of any sort on account of said shares of stock held by him.

The prayer of the bill is for an injunction to restrain defendant, its officers, agents, servants, and employees from disposing of any and all of the assets of said corporation pending the determination of this suit; that the defendant be required under oath to answer the bill and disclose and

138

account in detail for the monies and other assets which it has received and disbursed from January 1st, 1924, to date; and for general relief.

The chancellor, in the order sustaining the demurrer, granted plaintiff leave to file an amended bill within ten days, "it being understood that the said leave to amend extends only to a bill of complaint seeking only to establish the plaintiff's alleged claim to be a stockholder of the defendant corporation holding ten shares of stock therein and also seeking a right of discovery and accounting, it being further understood that the right to an injunction against the sale of the defendant's assets, as claimed in the original bill of complaint, is hereby excluded and, as to the said right to an injunction in the said bill of complaint, the demurrer is sustained without leave to amend unless and until the plaintiff shall file in these proceedings within five days from the date hereof a good and sufficient bond in an amount to be approved by this court and until the legal sufficiency of said bond shall have been approved by the clerk of this court."

Subsequently plaintiff offered an amended bill of complaint, leave to file which was refused.

The proposed amended bill, in addition to the allegations in the original bill, alleged that the amount of the authorized capital stock of the corporation was two thousand shares of the par value of fifty dollars each; that the ten shares held by plaintiff was more than five per cent. of the stock outstanding; that, although plaintiff has made demand upon him therefor, the said Schoenlein has refused to give plaintiff any information about the affairs, assets, liability and business of said corporation, and has refused plaintiff permission to examine the books and papers of the corporation; that said Schoenlein, through his office as president and his ability to control the votes of the other stockholders, is engaged in converting into cash all of the corporate assets by sale and collections, and when he has done so intends to divide said cash among the stockholders of the corporation other than plaintiff; that, if he is allowed to convert the assets into cash and divide the proceeds thereof, plaintiff will suffer a great loss,

as the said Schoenlein is heavily indebted to creditors who are pressing him for payment of overdue claims.

The prayer of the amended bill is the same as that of the original bill. The original bill was clearly demurrable. It contains no statement of the number of shares of stock authorized or outstanding, or of the nature of the business, and gives the court no information on which it could properly act; and neither the certificate of incorporation nor a copy thereof is filed as an exhibit, nor the certificate of stock alleged to be owned by plaintiff or a copy thereof. No fraud or mismanagement is alleged, nor any *ultra vires* act. So far as appears from the bill, to enjoin the sale of assets might stop the very business for which the corporation was formed. No facts are alleged which entitle plaintiff to an accounting. The bill does not allege that plaintiff has been denied access to the books, or that he has demanded and been refused a statement of the affairs of the company. The only thing alleged in the bill which might indicate a ground of equitable relief is that the president of this company had informed plaintiff that he would not be permitted to share in the assets of the corporation upon the dissolution thereof, and as to this he does not ask injunctive relief, which as to that would be the only relief that this court could give. Besides there is manifestly as to that not a full and frank statement. He should have alleged either the reason given by the president for the threatened exclusion of plaintiff from participation in the distribution of assets, or alleged that no reason was given for the proposed exclusion. Obviously there was some controversy in regard to the ownership of the stock alleged to be held by plaintiff, otherwise the threat was wholly wanton, and this the court should not assume in the absence of some allegation to that effect. The allegation that plaintiff has received no dividends on his stock is immaterial in the absence of an allegation that dividends have been paid to other stockholders or have been wrongfully withheld. But appellant complains of the part of the decree in which leave to file an amended bill is restricted by the exclusion of the right to ask for an injunction

against the sale of defendant's assets, as claimed in the original bill of complaint, as to which "right to an injunction in the said bill of complaint, the demurrer is sustained without leave to amend unless and until the plaintiff shall file in these proceedings within five days from the date hereof a good and sufficient bond," etc.

We do not approve of the requirement of the filing of a bond as a condition to the permission to ask for an injunction. But there is nothing in the record to cause us to hold that it would have been an abuse of discretion if the exclusion of the right to ask for an injunction against the sale of assets in an amended bill had been absolute. Therefore there is no reversible eror in the requirement of a bond.

We are also asked to review the ruling of the chancellor refusing leave to file the amended bill that was tendered. The proposed bill has most of the serious defects of the original bill, in that there are no exhibits, there is no charge of fraud or mismanagement or *ultra vires* acts, or any frank statement in regard to the alleged threat of Schoenlein to exclude plaintiff from his share of the assets of the corporation; and there is no injunctive relief asked to prevent such exclusion. The relief sought included an injunction against the sale of assets, which the chancellor had stated he would not permit.

While the allegations of refusal to give plaintiff access to the books of the corporation, and of Schoenlein's threat to exclude plaintiff from sharing in the distribution of assets (if there had been a frank statement as to the alleged grounds of such proposed exclusion), might have prevented the bill from being demurrable if it had been an original bill, the court was dealing with a different proposition when it was asked to permit the bill to be filed as an amended bill with all its imperfections; and if we felt at liberty to pass on that question we should be inclined to sustain the action of the chancellor.

But the granting or refusing to permit an amendment is within the discretion of the trial court, and its action in this regard will not be reviewed unless there is shown to have

been an abuse of discretion. *Mead v. Tydings,* 133 Md. 608; *State, use of Lease, v. Bealmear,* 149 Md. 10, 15; *Holloway v. Safe Deposit & Trust Co.,* 152 Md. 289, 300; *Schmidt v. Johnson,* 154 Md. 125; *Frisch v. Baltimore,* 156 Md. 310. We find no abuse of discretion in this case. But the appellant should not be deprived of his right of access to the books of the company or of protection against a wrongful exclusion from participation in the assets of the corporation, if, in fact, he is a stockholder.

The affirmance of the decree and order appealed from will therefore be without prejudice to his right to ask leave to file a proper amended bill in this case or to file a new original bill of complaint.

> *Decree and order affirmed, and case remanded, without prejudice, with costs to appellee.*