F. LEONARD MAAS *v.* EUGENE A. MAAS ET AL.
[No. 7, October Term, 1933.]

*Decided November 8th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Eugene Frederick,* for the appellant.

*Benjamin H. McKindless,* with whom was *J. Calvin Carney* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

F. Leonard Maas filed on September 29th, 1932, his bill of complaint against Eugene A. Maas and the E. A. Maas Plumbing & Heating Organization, a body corporate, in the Circuit Court No. 2 of Baltimore City, to enjoin any effect being given by the corporation to all shares of its stock issued after February 3rd, 1932, and the payment of all salaries authorized by the vote of such stock, and to procure a receivership pending the litigation and for general relief. A demurrer was filed to the bill of complaint and to its every paragraph by both of the defendants. The chancellor, by an

order. passed on January 17th, 1933, sustained the demurrer, with leave to the complainant to amend in twenty days. After the expiration of this period, the plaintiff, without amending and without any other action by the court, entered an appeal from the order sustaining the demurrer, with leave to amend.

The first question, therefore, is whether an appeal lies from an order sustaining the demurrer to a bill of complaint for relief by way of injunction, with leave to the plaintiff to amend within a prescribed time, when the plaintiff does not amend, but takes an appeal after the expiration of the time allowed for an amendment, but without the passage by the court of a decree dismissing the bill of complaint and adjudging which party should pay the costs.

Although a ruling of the court sustaining the demurrer to a whole bill of complaint, without a decree in terms dismissing the bill, has been held to be sufficiently in the nature of a final decree to support an appeal, yet it is not invariably a final decree, because (a) the plaintiff has the right, upon the payment of such costs as the court might direct, to amend his bill of complaint as is provided by section 17 of article 16 of the Code; and (b) the court may, in its discretion, allow, pursuant to section 176 of article 16 of the Code, the plaintiff to amend his bill of complaint upon such terms as the court shall deem to be reasonable.

So, in the unreported case of *Huber v. Balto. Trust Co.,* 158 Md. 697, 147 A. 599, the appeal was dismissed because it was held that an order at once sustaining a demurrer to the bill and giving leave to amend is not such a final determination of the rights of the parties as to be appealable. Nor was the action of the court in sustaining the demurrer, with leave to amend, a refusal to grant an injunction according to the prayer of the bill of complaint within the meaning of section 35 of article 5 of the Code. The chancellor thereby advised the pleader that he would give him an opportunity to present his cause unincumbered by the vice in pleading which made the submitted bill of complaint insufficient to present an equity to move the court. So, instead of con-

clusively rejecting the application, the court postponed its final ruling in order that errors in the form of the complaint might be corrected or some deficiency in averment might be supplied to give substance and a justiciable quality to the allegations. Unlike an order sustaining a demurrer to the entire bill, the order now at bar did not deny the relief asked, nor did it preclude the plaintiff from any other course on the pleading. While the effect of the chancellor's decision was to render it impossible to proceed without amending the bill, yet the suit to obtain the injunction and the other relief prayed was not terminated. The chancellor expressly reserved final action, and, if the plaintiff did not desire to amend but to appeal forthwith, he should have sought and obtained a decree of dismissal or an unqualified refusal of the injunctive relief sought. The pending appeal is distinguishable from those suits in equity where a disputed right or interest of the parties has finally been settled, as where a demurrer to the whole bill has been overruled (a) or sustained, without leave to amend (b), or an injunction has been granted or unqualifiedly refused (c), but falls within the category in which the order or decree is neither final nor decisive of a disputed right or interest of the litigants (d).

(a) *Chappell v. Funk,* 57 Md. 465; *Hecht v. Colquhoun,* 57 Md. 563; *Hyattsville v. Smith,* 105 Md. 318, 66 A. 44; *Darcey v. Bayne,* 105 Md. 365, 66 A. 434. (b) *McNiece v. Eliason,* 78 Md. 168, 27 A. 940; *Hendrickson v. Standard Oil Co.,* 126 Md. 577, 582, 95 A. 153; *Wilmer v. Placide,* 128 Md. 168, 97 A. 363; *Reeder v. Machen,* 57 Md. 56, 60; Code, art. 5, sec. 31. (c) *Willis v. Jones,* 59 Md. 362, 365; Code, art. 5, sec. 35; *Bonaparte v. Baltimore etc. R. Co.,* 75 Md. 340, 343-344, 23 A. 784; *Chesapeake & P. Tel. Co. v. Baltimore,* 89 Md. 689, 707-709, 43 A. 784, 44 A. 1033; *Webster v. Pole Line Co.,* 112 Md. 416, 423, 76 A. 254; *Susquehanna Co. v. St. Clair,* 113 Md. 667, 668, 77 A. 1119; *Safe Deposit etc. Co. v. Baltimore,* 121 Md. 522, 533, 88 A. 267; *Balto. & O. R. Co. v. Gilmor,* 125 Md. 610, 618, 94 A. 200; *Hendrickson v. Standard Oil* Co., 126 Md. 577, 581,

95 A. 153. (d) *Huber v. Balto. Trust Co.,* 158 Md. 697, 147 A. 599; *Hughes v. Hall,* 117 Md. 547, 550, 83 A. 1023; *Diedel v. Diedel,* 133 Md. 286, 105 A. 271; *Brooks v. Sprague,* 157 Md. 160, 165, 145 A. 375; *Reynolds v. Russler,* 128 Md. 606, 98 A. 75; *Peoples v. Ault,* 117 Md. 631, 636-637, 84 A. 60; *In re Buckler Trusts,* 144 Md. 424, 427, 125 A. 177. Compare *Bonaparte v. Lake Roland R. R. Co.,* 75 Md. 340, 344, 23 A. 784.

The demurrer to the bill of complaint raised questions which, while fatal to the bill of complaint because of patent formal defects, might, nevertheless, have been removed by amendments which would have been in harmony with the theory upon which the bill of complaint was framed. In affording the pleader an opportunity to present his allegations of illegality and fraud in an artificial manner, the court did not deny the plaintiff his remedy, but suggested the method whereby redress could be had, if the indicated grounds of relief were well, instead of insufficiently, pleaded.

It is the office of pleading to present the substance of the complaint in a clear, succinct, and definite manner, so that the adverse party be advised of the nature of the complaint, and the court perceive whether or not there is stated a cause within its jurisdiction. So it is a general rule that, in an application for the summary remedy of injunction, it is essential not only that there be a full and candid disclosure of all the facts, but that the documents upon which the rights of the plaintiff depend, if in his possession, be filed with the bill of complaint, and, if the original be not in his possession, but accessible, that a copy thereof be incorporated as a part of the bill. The agreement which the plaintiff has stated is declared to be oral, but, since its subject-matter is the issue of stock of the defendant corporation, and the control and management of its affairs, this agreement will derive whatever validity it may possess from the special provisions, if any, of the articles of incorporation. Since the granting of an injunction to preserve rights whose existence depends upon the validity of such a contract is in the sound discretion of the chancellor, it became material and essential that the

chancellor weigh the allegations of the bill with respect to the issuing of stock in association with the terms of the charter of incorporation, and therefore it was indispensable that the articles of incorporation be made a part of the bill of complaint. *Miller's Equity Procedure,* sec. 582.

The bill of complaint makes clear this necessity. It alleges that on October 21st, 1926, the complainant and the defendant Eugene A. Maas agreed to form a corporation for the purpose of engaging in the general plumbing and heating business, and, on that day, they, together with a certain Henry L. Maas, executed a certificate of incorporation in conformity with law, and obtained a charter under the general incorporation laws of the State of Maryland in the name of the E. A. Maas Plumbing & Heating Organization.

The three incorporators constituted the board of directors, and the defendant Eugene A. Maas was elected president, Henry L. Maas was made vice-president, and the plaintiff became its secretary and treasurer, and this directorate and these officers remained unchanged until February 3rd, 1932, when the plaintiff resigned, but the others remained and continued to serve in their respective capacities as officers and directors. There is no averment with reference either to the amount of the capital stock, its division into classes, its par, number, nature, restrictions, and voting powers, or any provisions defining, limiting, and regulating the powers of the directors and stockholders. Code, art. 23, secs. 4, 5, 9, 12-14, 22, 24, 38, 46-49; Code (Supp. 1929), art. 23, secs. 10, 14, 21, 23, 39-45.

These omissions are not supplied by the statement of any provision of the articles of incorporation, or its incorporation in the bill of complaint by a certified copy being filed as an exhibit, whereby it is shown that it was *intra vires* for the corporation and its officers to agree that three shares of common stock only were authorized to be issued and one such share was issued to each of the three incorporators; and that no other stock was issued, or authorized to be issued, before the plaintiff's resignation as an officer and director, because it was intended and agreed that the substantial

ownership of the corporation was to be in the plaintiff and Eugene A. Maas in equal moieties, and that the one share of stock issued to Henry L. Maas represented a mere nominal interest, to enable Henry L. Maas to hold the balance of voting power, which could be exercised by him only in the event of a disagreement between the plaintiff and Eugene A. Maas in connection with any corporate affairs requiring a vote of the stockholders.

The importance of the provisions of the charter is further shown by the allegation that, after the withdrawal of the plaintiff, the corporation issued additional shares of stock without adequate consideration and without regard to the needs and requirements of the corporation, but solely for the purpose of having the stock control in the hands of the said Eugene A. Maas and others friendly to and in sympathy with him, and his purpose to control the corporation in his own interest and to the disadvantage of the plaintiff, and to obtain for Eugene A. Maas a large and unreasonable salary, so as to diminish the assets of the company and lessen the value of the plaintiff's interest by the alleged issue of a large number of shares of stock.

The plaintiff further charges that these additional shares of stock have been issued since his resignation, and are illegal and fraudulent. These allegations fail, however, to state the number or amount of such shares so issued, the sum of money paid or other property given in exchange, in what respect the consideration for the shares of stock was inadequate, or the names of the new stockholders, with their respective holdings. Nor is there any explanation given for these omissions, nor any accusation that these undesignated stockholders were aware, or put on notice, of any fact or circumstance which would make the issue of shares of stock to them unauthorized, void, illegal, or fraudulent. The specific facts which would constitute the fraud, illegality, or unlawfulness of the issue of stock to its undisclosed owners are not set forth, but of these facts the court must be informed by clear statement, since the conscience of the chancellor is not moved by conjecture, belief, or suspicion. Certainty is notably

required in the statement of the specific things done which constitute the fraud alleged. *Frisch v. Frisch,* 150 Md. 274, 132 A. 627; *Boyd v. Shirk,* 125 Md. 175, 93 A. 417; *Oakford Realty Co. v. Boarman,* 156 Md. 72, 143 A. 644; *Homer v. Crown Cork & Seal Co.,* 155 Md. 66, 141 A. 425; *Ragan v. Susquehanna Power Co.,* 157 Md. 526, 146 A. 758; *Kearney v. Beverly Hills Corp.,* 157 Md. 139, 145 A. 385.

It is not necessary to go further to demonstrate that the bill of complaint was demurrable because of defects of form, and that there was no error in sustaining the demurrer and granting leave to the plaintiff to amend. Under these circumstances and the state of the record, the appeal must be dismissed.

*Appeal dismissed, and the appellant must pay the costs.*